USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2024

**LAW OFFICES OF**
**DONNA R. NEWMAN**
ATTORNEY AT LAW
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. 212-229-1516
FAX 212-676-7497
DONNANEWMANLAW@AOL.COM
MEMBER: N.Y. & N.J. BAR

September 14, 2024

<u>By ECF & Email</u>     **MEMORANDUM ENDORSED**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearly Stret
New York, NY 10007

Re: United States v Rubinsky Padilla
    24 Cr 107 (GHW)

Dear Judge Woods:

On behalf of Rubinsky Padilla, I seek an amendment to his conditions of pretrial release removing his condition of home incarceration with location monitoring as directed by pretrial services (see Dkt. 23 at 7,9) and substitute as a condition of pretrial release a curfew, as directed by pretrial services, with GPS monitoring. Mr. Padilla's Pretrial Services Officer Marlon Ovalles has consented to this requested amendment to Mr. Padilla's conditions of bond and United States Attorney Ashley Nicolas advised that the Government defers to Probation.

Mr. Padilla was released on April 15, 2024 on a $75,000 personal recognizance bond secured by two financially responsible persons- his fiancé with whom he lives ,who is also his third-party custodian, and his mother. See Dkt. No. 23. Besides the aforementioned conditions of his pretrial release bond, he is required to undergo drug testing and treatment as directed by pretrial services. *Id.*   Mr. Padilla has been compliant with all conditions of bond, appearing at all treatment sessions, undergoing drug testing, all of which have been negative for illegal substances.

Mr. Padilla's fiancé explained that the restrictions on Mr. Padilla's ability to leave the home have overburdened her with household chores and have prevented Mr. Padilla from finding employment. They have three children-one of the children is Autistic and requires a great deal of attention. Mr. Padilla helps with this child but is unable to take him outside which is essential part of this child's activities.. If the request is granted Mr. Padilla would take the children to school and pick them up. He would do all the grocery shopping and all outside family related chores, e.g. grocery shopping, picking up medication from the drug store, etc. Most important,

Mr. Padilla would be able to obtain employment. He has extensive experience cleaning commercial establishments, including office cleaning. Recently he missed an opportunity of employment in this field because he was unable to appear for an in- person interview. The position was filled before Mr. Padilla could obtain special permission to appear for the interview. Mr. Padilla is anxious to work and is confident he will find a position provided his request for a curfew is granted. The family's finances are strained as Mr. Padilla's fiancé is the only one working and her salary is really insufficient to truly support the household of five.

      Wherefore, I respectfully request the Court amend Mr. Padilla's conditions of pretrial release, to eliminate the condition of home incarceration with location monitoring and substitute, the condition of a curfew as directed by pretrial services with GPS monitoring. All other conditions of his release shall remain.

.
Respectfully submitted,
/s/
Donna R. Newman
Counsel for Rubinsky Padilla
Cc: AUSA Ashley Nicolas
    AUSA Lisa Daniels
    Rubinsky Padilla via email

Application granted. The conditions of Mr. Padilla's pretrial release are modified as follows: The condition of the defendant's pretrial release requiring home incarceration is terminated. In lieu of that condition, the defendant must comply with a curfew as directed by pretrial services with GPS location monitoring. All other conditions of the defendant's pretrial release remain in full force and effect.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 34.

SO ORDERED.
Dated: September 14, 2024

_____
GREGORY H. WOODS
United States District Judge